**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-1662**

AZAD SINGH,

       Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 4, 2022               Decided: February 18, 2022

Before GREGORY, Chief Judge, and NIEMEYER and AGEE, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

**ON BRIEF:** Joshua A. Berman, BLAINE L. GILBERT & ASSOCIATES, P.A., Baltimore, Maryland, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Sabatino F. Leo, Assistant Director, Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Azad Singh, a native and citizen of India, petitions for review of the order of the Board of Immigration Appeals (Board) denying his motion to reopen and reconsider. We dismiss in part and deny in part.

We review the denial of a motion to reopen or reconsider for abuse of discretion. 8 C.F.R. § 1003.2(a) (2021); *Lawrence v. Lynch*, 826 F.3d 198, 203 (4th Cir. 2016); *Mosere v. Mukasey*, 552 F.3d 397, 400 (4th Cir. 2009). "The Board's decision receives extreme deference and should be reversed only if the decision is arbitrary, capricious, or contrary to law." *Lawrence*, 826 F.3d at 203 (internal quotation marks omitted).

Insofar as the Board denied to reconsider its prior decision determining that it would not take Singh's appeal on certification, we conclude that Singh fails to challenge this determination. Under Federal Rule of Appellate Procedure 28(a)(8) and Fourth Circuit case law, "[i]t is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned." *A Helping Hand, LLC v. Baltimore Cnty.*, 515 F.3d 356, 369 (4th Cir. 2008) (internal quotation marks omitted). We have enforced this rule even when the opening brief "takes a passing shot at the [waived] issue." *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (internal quotation marks omitted). Here, Singh's opening brief fails to take anything more than a passing shot at the Board's denial of self-certification. Accordingly, we dismiss in part the petition for review.

A petitioner seeking equitable tolling of the Board's appeal period "must prove that (1) the Government's wrongful conduct prevented the petitioner from filing a timely motion; or (2) extraordinary circumstances beyond the petitioner's control made it

2

impossible to file within the filing deadline. A petitioner who relies on extraordinary circumstances must also show that he has been pursuing his rights diligently." *Lawrence*, 826 F.3d at 203-04 (citation, footnote, and internal quotation marks omitted). We have cautioned "that equitable tolling will be granted 'only sparingly,' and not in 'a garden variety claim of excusable neglect.'" *Kuusk v. Holder*, 732 F.3d 302, 306 (4th Cir. 2013) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). We conclude that the Board did not abuse its discretion in determining that equitable tolling was unwarranted and we deny the petition for review from that portion of the Board's order.

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART AND DENIED IN PART*